NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3271
_____

UNITED STATES OF AMERICA

v.

FRANCISCO BARRIOS
a/k/a LUCIO RINCON-HERNANDEZ


FRANCISCO BARRIOS,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 1-08-cr-00218-004
District Judge: The Honorable Sylvia H. Rambo

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 14, 2011

Before: RENDELL, SMITH, and ROTH, *Circuit Judges*

(Filed:  August 9, 2011)


_____

OPINION
_____

SMITH, *Circuit Judge*.

Francisco Barrios was convicted, along with two of his three co-defendants, of (i)

attempt and conspiracy to distribute or to possess with intent to distribute more than 500

grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and (ii) interstate travel in facilitation of attempted drug trafficking, in violation of 18 U.S.C. § 1952(a)(3). The gist of the criminal conduct was a plot to transport 23 pounds of methamphetamine from Georgia to Pennsylvania for sale to one Antonio Pagan, who turned out to be a government informant. Although the substance delivered to the informant initially field-tested positive for methamphetamine, later lab tests revealed that it in fact contained no narcotics. Barrios appeals his conviction. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231; ours is premised on 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Barrios raises two issues on appeal. First he says that he should have been granted a judgment of acquittal, because the evidence at trial did not establish that he intended to distribute methamphetamine. "[A] defendant can be guilty of an attempt to sell drugs even if the purported drugs turn out to be a non-controlled substance," so long as there is a "strong evidentiary basis" to show that the defendant believed the drugs to be real and intended to distribute them as such. *United States v. Cooper*, 121 F.3d 130, 135 (3d Cir. 1997); *United States v. Everett*, 700 F.2d 900, 908 (3d Cir. 1983). Barrios argues that there was not sufficient evidence from which a rational jury could have concluded that he was possessed of the requisite belief and intent. We disagree.

A jury's verdict of guilt must be sustained on appeal "if, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Rawlins*, 606 F.3d 73, 80 (3d Cir. 2010) (citation and internal quotation marks omitted). "We

2

apply a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). Barrios' theory of the case is that he and the other defendants always knew that the apparent drugs were in fact fake, and that they always intended to scam Pagan by selling him fake drugs. There was, however, ample evidence at trial from which the jury could rationally have concluded that Barrios and the other defendants believed that the substance being transported and distributed was methamphetamine. First of all, although the material turned out not to contain drugs, it was a good counterfeit: it looked like genuine methamphetamine, was packaged like it, and field-tested positive for the drug. App. 371–72, 446–48. Pagan testified that he had had a long-term profitable relationship with the defendants, which had in the past resulted in multiple transactions involving real, good-quality narcotics, and that he believed the drugs he was procuring as part of the investigation were real. *Id.* at 340–42, 352. Pagan also testified to his belief that the defendants intended to have future dealings with him, which the defendants would have jeopardized if they had intentionally delivered counterfeit drugs. *Id.* at 352–53. When a past shipment of drugs from the defendants to Pagan turned out to be of low quality, the defendants supplied new, high-quality drugs to be mixed into the bad batch to improve its quality—an act the jury could have interpreted as an effort to maintain the parties' working relationship. *Id.* at 124–25. Moreover, as the transaction was planned, the defendants were not to receive payment for the drugs that they delivered until several days after the drugs had been delivered. *Id.* at 343–44. The jury was free to suppose that someone who knew that the drugs were false would have demanded payment up front, in

3

order to avoid the possibility that the purchaser would discover the drugs' low quality and then refuse to pay—and thus to infer that the defendants believed that they had provided Pagan real methamphetamine. Taken together, this evidence was sufficient to permit a rational trier of fact to disregard Barrios' theory of the case, and to conclude that Barrios and his co-defendants intended to distribute a controlled substance. The evidence was sufficient and the verdict will stand.

Barrios' second argument on appeal is that a post-arrest statement by one of his codefendants, Carlos Cegledi, was unconstitutionally introduced at trial. The challenged statement was admitted subject to an instruction limiting its use to deciding Cegledi's case. Barrios' counsel did not file a contemporaneous objection. Admission of the statement is thus subject only to plain-error review, *see* Fed. R. Crim. P. 52(b), and can serve as the basis for appellate relief only if the defendant can establish that it was (1) an "error," (2) that is "plain," i.e., obvious, (3) that "affects substantial rights," and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Riley*, 621 F.3d 312, 322 (3d Cir. 2010) (citing *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010); *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

Barrios has failed to make such a showing. The statement in question involved Cegledi admitting "that others had come up from Atlanta in a separate car to help oversee and protect Mr. Cegledi during the transaction." App. 552. Barrios says that this statement identified him as one of the members of the conspiracy, in violation of the Confrontation Clause as interpreted by *Bruton v. United States*, 391 U.S. 123 (1968), and its progeny. Even assuming that Barrios has successfully made out a "plain" *Bruton*

4

violation, however, he cannot prevail because his substantial rights were not affected and any error was harmless. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (Confrontation Clause violations are subject to harmless error analysis); *United States v. Hardwick*, 544 F.3d 565, 574 (3d Cir. 2008). In the context of Barrios' trial, the statement here did not prejudice him. There was no dispute that he was present at and involved in the transaction in question; his defense was that he knew the "methamphetamine" to be fake and that he therefore could not be convicted of attempting or conspiring to distribute real narcotics. Even if the jury understood Cegledi's statement to imply Barrios' involvement in the deal, this would not have affected its assessment of Barrios' intent. We see no reversible error in the District Court's handling of Cegledi's statement as regards Barrios.

We will affirm the judgment of the District Court.